E-FILED
Tuesday, 25 February, 2014  02:20:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JASON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-1167 |
| | ) | |
| S.A. GODINEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

Plaintiff, proceeding *pro se*, was housed at Pontiac Correctional at all times relevant to this cause of action. He pursues an Eighth Amendment failure to protect claim against Defendants Godinez, Miller, Pfister, Lemke, and Reed based upon Plaintiff's allegations that Defendants denied him protective custody which made his susceptible to attack by fellow inmate Andre Sardin and inmates under Sardin's influence. Now before this Court are Defendants' Motions for Summary Judgment [d/e 82, 89], which will be granted for the reasons set forth below.

### SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(1)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. Fed. R.

1

Civ. P. 56(c)(1); *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.*

## UNDISPUTED FACTS[1]

As of June 2013, Plaintiff was incarcerated in the Illinois Department of Corrections (IDOC) for 20 years. He met fellow inmate Andre Sardin while the two were cellmates at Menard Correctional Center from January to March 2007. During that time, Sardin threatened Plaintiff's life. Plaintiff has not had any communication with Sardin since 2007. In August 2009, Plaintiff was transferred from Menard to segregation at Pontiac Correctional Center where he stayed until he was transferred to unapproved protective custody at Pontiac from January 2012 to May 2012. When Plaintiff refused a transfer in May 2012, he was returned to segregation where he remained as of June 2013.

In January 2012, Plaintiff asked for protective custody at Pontiac because of inmate Sardin, and the request was denied in March 2012. Plaintiff became cellmates with inmate Hardaway on May 1, 2012, and they remained cellmates for just two days. During their time as cellmates, Hardaway informed Plaintiff that Sardin issued a "kill-on-sight" order against Plaintiff. During that time, Hardaway also beat up Plaintiff because Hardaway wanted two of

---

[1] The Court accepts as true Defendants' statement of facts where Plaintiff did not file a response to Defendants' Motions for Summary Judgment though he was given an opportunity to do so and notice of the consequences for failing to do so.

Plaintiff's tapes. As of April 2013, Plaintiff was in a one-man segregation cell which he believed to be a safe environment. On May 4, 2012, Plaintiff was provided a hearing on the question of whether he should be in protective custody and after that, he was offered a transfer out of Pontiac which he refused. On July 18, 2013, Plaintiff was released from IDOC and he refused to provide a current address. In his Complaint filed on May 25, 2012, Plaintiff only sought injunctive relief rather than monetary damages.

## ANALYSIS

In Defendants' first Motion for Summary Judgment, they argue that Plaintiff is not entitled to the injunctive relief he seeks because he cannot establish an ongoing risk of harm. Specifically, Defendants argue that Plaintiff has not had any contact with Sardin since 2007 and was attacked by Hardaway for reasons unrelated to any problems with Sardin. They also argue that Plaintiff's request for injunctive relief is overly broad in violation of the Prison Litigation Reform Act (PLRA) in that he seeks a housing assignment of his choosing. In their second Motion for Summary Judgment, they argue that Plaintiff's requests for injunctive relief became moot as of July 18, 2013, the date on which Plaintiff was released from IDOC.

Prison officials violate the Eighth Amendment proscription against cruel and unusual punishment when they are deliberately indifferent to an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference, in turn, requires a plaintiff to show that prison officials knew of an excessive risk to inmate safety and disregarded that risk. *Id*. at 837. In the context of a failure to protect claim, a substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005).

While injunctive relief may be available to prevent a substantial risk of serious harm from turning into actual harm, a prisoner must show that at the time he filed his lawsuit and at the time of summary judgment, the defendant prison officials knew of and unreasonably disregarded a substantial, continuing risk of serious harm. *Farmer*, 511 U.S. at 845-46.

The PLRA provides, in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. §3626(a)(1)(A).

The Court's inquiry here begins and ends with the fact that Plaintiff is no longer in the custody of IDOC and has not been since July 18, 2013. He only sought injunctive relief in this case, and because he certainly cannot establish an ongoing constitutional violation now and has not been able to do so since at the latest July 18, 2013, Defendants are entitled to summary judgment.

For the sake of completeness, the Court will next address the arguments Defendants made in their first Motion for Summary Judgment before Plaintiff was released from IDOC custody. As Defendants succinctly argue, Plaintiff cannot establish that he faced a specific, substantial risk of harm while he was incarcerated throughout the time this case has been pending. Plaintiff has not been in contact with the focus of his Complaint's allegations, inmate Sardin, since 2007. As for Plaintiff's allegations against inmate Hardaway, the two shared a cell for just two days in May 2012 at which time Defendant Hardaway beat Plaintiff up over some tapes Plaintiff possessed and not because of any "kill-on-sight" order issued by Sardin. Indeed, nothing in the

4

record suggests that Plaintiff faced a continuing threat to his safety by inmates under Sardin's influence, or even by Sardin where Plaintiff remained at Pontiac where Sardin was not housed and where Plaintiff does not identify any incidents with inmates that occurred at Sardin's direction. The Court would also note that the undisputed record evidence shows that Plaintiff was provided a hearing on the question of whether he should be in protective custody on May 4, 2012, showing that Defendants addressed rather than disregarded any possible to risk to Plaintiff. No genuine issue of material fact remains, and so Defendants' Motions for Summary Judgment will be granted. Finally, Plaintiff did not notify the Court and defense counsel in writing of any change in his mailing address and telephone number as he was directed to do by February 10, 2014.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment are GRANTED [d/e 82, 89]. The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated, with the parties to bear their own costs.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

3) **If Plaintiff wishes to proceed** *in forma pauperis* **on appeal, his motion for leave to appeal** *in forma pauperis* **must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)** (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)** (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). **If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED this 25th day of February, 2014.

                                             s/ Michael M. Mihm
                               _____
                                       MICHAEL M. MIHM
                             UNITED STATES DISTRICT JUDGE